UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X  Index No.:
DEUEL HUNTE,

                Plaintiff,

    -against-

QUEENS ROCKAWAY PIZZA, INC., individually and
d/b/a "PAPA JOHN'S PIZZA," and SHAMA HEKIM,
individually,

                Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

Plaintiff Demands a Trial by Jury

Plaintiff, by and through his attorneys, Phillips & Associates, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to 42 U.S.C. §1981, the New York Executive Law, and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by his employer on the basis of his race, together with retaliation and wrongful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §1981, 28 U.S.C. §1331, 28 U.S.C. §1343, and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

1

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York. 28 U.S.C. §1391(b).

**PARTIES**

5. Plaintiff is an African-American male resident of the State of New York, County of Queens.

6. At all times material, Defendant QUEENS ROCKAWAY PIZZA, INC., individually and d/b/a "PAPA JOHN'S PIZZA" (hereinafter "PAPA JOHN'S") was and is a domestic business corporation duly incorporated under the laws of the State of New York.

7. At all times material, Defendant PAPA JOHN'S was and is a pizza delivery franchise, with locations in Queens, Brooklyn, and the Bronx, which are located at 9431 Rockaway Blvd, Jamaica, New York 11417, 604 Grand Street, Brooklyn, New York 11211, and 161 West 231st Street, Bronx, New York 10461, respectively.

8. At all times material, Defendant SHAMA HEKIM (hereinafter "HEKIM") was and is a Bangladeshi female resident of the State of New York.

9. At all times material, Defendant HEKIM was and is Defendant PAPA JOHN'S principal owner.

10. At all times material, Defendant HEKIM was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

11. Defendant PAPA JOHN'S and Defendant HEKIM are also hereinafter collectively referred to as "Defendants."

12. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

13. On or about May 7, 2019, Plaintiff began working full-time for Defendants as an assistant manager at their Queens location.

14. Plaintiff's duties included training new employees, preparing food orders, making employee work schedules, assisting in marketing campaigns, and managing money from food orders.

15. On or about May 31, 2019, Plaintiff was involved in a work-related verbal dispute with one of Defendants' Partners, Romel (last name currently unknown).

16. On or about June 5, 2019, Defendant HEKIM called Plaintiff to inquire about the altercation with Romel.  Plaintiff told Defendant HEKIM that Romel started the altercation.  Nevertheless, Defendant HEKIM assigned blame to Plaintiff and told him, "**I don't think you're going to work over here; you belong in a more *hip-hop community*.**"

17. Defendant HEKIM's remark alluded to Plaintiff's race and insinuated that because of his race, he belonged in a, "'hip hop' community."

18. Because Defendants never provided Plaintiff with a handbook, an anti-discrimination policy, or any additional guidance on how to report discrimination, Plaintiff was forced to complain to Defendant HEKIM about her own discriminatory conduct and stated, "That's racist and offensive."

19. On or about June 7, 2019, in retaliation, Defendant HEKIM transferred Plaintiff to Defendants' Brooklyn location and scheduled him to work only two days per week.  In total, Plaintiff only worked four days since opposing Defendant HEKIM's racist remarks.

20. On or about June 12, 2019, in further retaliation, Defendant HEKIM again transferred Plaintiff with no notice, this time to Defendants' Bronx location.  Plaintiff never received a schedule telling him when he was supposed to work at that store.

21. On or about June 20, 2019, Plaintiff again complained to Defendant HEKIM and stated, "I could sue you for the hip-hop community comment. I said it was racist and offensive and you never apologized to me." Defendant HEKIM merely replied, "**oh, oh I wasn't thinking. I'll give you a full schedule**." Nevertheless, Defendant HEKIM never provided Plaintiff a full schedule.

22. On or about June 22, 2019, just *two days* after again complaining about Defendant HEKIM's discriminatory practices, the general manager of Defendants' Bronx location terminated Plaintiff, telling him, "Don't bother coming here anymore."

23. Plaintiff then text messaged Defendant HEKIM to complain about Defendants' retaliatory behavior stating, "The way I've been treated by your organization is terrible. I was just told not to come to work. It's crazy that after I told you that I could sue you for the 'hip hop community' comment and now I'm fired? First you cut my hours and now I'm out of a job." Defendant HEKIM never responded to Plaintiff's text messages.

24. Defendants would not have discriminated against Plaintiff but for his race.

25. Defendants would not have terminated Plaintiff but for his race.

26. Defendants would not have terminated Plaintiff but for his complaints about race discrimination.

27. As a result of Defendants' actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

28. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered and continues to suffer severe emotional distress.

29. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of a salary, bonuses, benefits and other compensation which

such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

30. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demand Punitive Damages as against the Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### UNDER FEDERAL LAW
### 42 U.S.C. SECTION 1981

31. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

32. 42 U.S.C. Section 1981 states in relevant part as follows:

　　a. Statement of equal rights: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

　　b. "Make and enforce contracts" defined: For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

33. Plaintiff was discriminated against because of his race as provided under 42 U.S.C. Section 1981 and has suffered damages as set forth herein.

### AS A SECOND CAUSE OF ACTION
### UNDER STATE LAW
### DISCRIMINATION

34. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

35. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

36. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race together with retaliation and unlawfully terminating him from his employment.

37. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A THIRD CAUSE OF ACTION
## UNDER STATE LAW
## **RETALIATION**

38. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

39. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity in which this section applies to retaliate or discriminate against any person before he has opposed any practices forbidden under this article."

40. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of his race and/or his opposition to Defendants unlawful employment practices.

## AS A FOURTH CAUSE OF ACTION
## UNDER STATE LAW
## AIDING AND ABETTING

41. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

42. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

43. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

44. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

46. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working

7

conditions, and otherwise discriminating against the Plaintiff because of his race together with retaliation and unlawfully terminating him from his employment.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## RETALIATION

47. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. The New York City Administrative Code Title 8-107(7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

49. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against Plaintiff, because he opposed Defendants' unlawful employment practices.

## AS A SEVENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## AIDING AND ABETTING

50. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

52. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## **EMPLOYER LIABILITY**

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. New York City Administrative Code, §8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        1. the employee or agent exercised managerial or supervisory responsibility; or

        2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

    c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such

discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

55. Defendants violated the section cited herein as set forth.

**WHEREFORE**, Plaintiff respectfully request a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §1981, the New York Executive Law, and the New York City Administrative Code; and that the Defendants harassed and discriminated against Plaintiff on the basis of his race, together with retaliation and wrongful termination;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful discharge and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial, plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: July 5, 2022
      New York, New York

                                      **PHILLIPS & ASSOCIATES,**
                                      **ATTORNEYS AT LAW, PLLC**

                      By:   /s/Jesse S. Weinstein, Esq
                             Jesse S. Weinstein, Esq.
                             *Attorneys for Plaintiff*
                             45 Broadway, Suite 430
                             New York, NY 10006
                             Tel: 212-248-7431
                             Fax: 212-901-2107